## John Schick, Appellant, v. Otto C. Smith, Appellee.

### Gen. No. 5,923.

1. Vendor and purchaser, § 317*—*when verdict disallowing recovery of purchase money sustained by the evidence.* Where, in an action for a balance of the purchase price claimed to be due for land sold by plaintiff to defendant and a certain sum alleged to be due for some hay, the defense was that defendant had paid the full amount of the purchase price agreed on for the land and that plaintiff had agreed to board with defendant for the value of the

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

hay, but had quit boarding without cause, *held* that a verdict for defendant was sustained by a preponderance of the evidence.

2. APPEAL AND ERROR, § 1535*—*when erroneous instruction as to preponderance of evidence harmless.* Where an instruction was given, advising the jury that if plaintiff did not in the first instance prove his case by a preponderance of the evidence, they should find for the defendant, *held* that though the instruction was erroneous as depriving plaintiff of the benefit of his rebuttal evidence, and of any evidence offered by defendant which tended to establish plaintiff's case, yet the giving of the same did not harm plaintiff where no such evidence was offered.

Appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

GEORGE L. HOFFMAN and HENRY MACKAY, for appellant.

RALPH E. EATON, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

John Schick, appellant, owned a farm and Otto C. Smith, appellee, was his tenant. Appellant was old, his wife was dead and he lived alone until appellee came on his farm as a tenant. Appellant boarded with appellee about two months and then the proposition was made that appellee buy the farm. Appellant and appellee had a verbal arrangement at the house and they went to a real estate agent to have the deed drawn. The real estate agent asked what consideration should be inserted in the deed, and was told by appellant $125 an acre and it was figured there was one hundred and thirteen acres in the farm. A deed was drawn stating the consideration to be $14,125. Before it was drawn up one or the other of the parties, either appellant or appellee, asked the question, "if it was necessary that the true consideration be stated," and the real estate agent said, No. The deed was

signed, acknowledged and delivered and a note for
$9,000 was drawn up and signed by appellee, payable
to appellant which was not secured by mortgage, but
was subsequently paid. The parties then went to a
bank where appellee paid appellant $3,000, and a re-
ceipt was drawn up for $5,125, and it bears a signature
which appellant denies is his, but we are satisfied the
preponderance of the proof shows it to be his genuine
signature. The receipt was delivered to appellee. Ap-
pellant boarded for awhile with appellee and then
quit boarding with him and he now brings this suit
to recover $2,125, alleged balance of the purchase
money for the land and $200 for some hay which he
had on the farm and which appellee had used. Appel-
lee testified appellant quit boarding at his house vol-
untarily and without cause, except that he got angry
and swore at the women folks. Appellee also testified
appellant was at liberty to board at his house until he
had boarded there for two years.

Upon reading the evidence it seems clear to us there
is a preponderance against appellant, and that the pre-
ponderance of the evidence is that appellant sold his
farm to appellee for $12,000, which amount has been
paid in full, and that he sold the hay and was to board
out the amount of the hay. It also appears he never
demanded the privilege of going back to his boarding
house, or to board out the balance of the hay, and that
he had no cause for leaving.

It is claimed there is error in one instruction given
for appellee. Under that instruction the jury were
advised that if the plaintiff in the suit did not in the
first instance prove his case by a preponderance of the
evidence, the jury were directed to find a verdict for
the defendant. If appellant had offered rebuttal evi-
dence to establish his case this would deprive him of
the benefit of it, but he offered no rebuttal. If there
was evidence offered by the defendant in the case
which tended to establish the plaintiff's case, the
plaintiff was entitled to the benefit of that, and this

640    Appellate Courts of Illinois.

Joseph T. Ryerson & Son v. Crawford L. & C. Co., 187 Ill. App. 640.

instruction would deprive him of the benefit of it, but there was no such evidence. The error in the instruction did not harm appellant, and we see no cause for reversal by reason of the giving of that instruction. Seeing no reversible error in the record, we affirm the judgment of the court below.

*Judgment affirmed.*